IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

FRANK MARSHALL, III            :

   v.                          :   Civil Action No. DKC 14-3339

J.P. MORGAN CHASE & CO.        :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action to quiet title are two motions filed by JPMorgan Chase Bank, N.A.: (1) a motion to intervene, and (2) a motion to dismiss the complaint. (ECF Nos. 15 and 17). The relevant issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the motion to intervene and the motion to dismiss will be granted.

**I.  Background**

Plaintiff Frank Marshall III, proceeding *pro se*, commenced this action on May 15, 2014 by filing his complaint against Defendant J.P. Morgan Chase & Company ("JPMC") in the Circuit Court for Prince George's County, Maryland. (ECF No. 2). JPMorgan Chase Bank, N.A. ("Chase" or "Defendant"), though not originally named in the complaint, was served with a copy of the complaint and summons on or about September 26, 2014, and filed a notice of removal in this court on October 24, 2014, citing

diversity and federal question jurisdiction. (ECF Nos. 1 and 11).

On November 20, 2014, Plaintiff filed an amended complaint. (ECF No. 13). The amended complaint seeks to quiet title on property located at 712 Bonnie Meadow Lane in Ft. Washington, Maryland 20744 ("the Property"), to declare invalid the Deeds of Trust encumbering the Property, and to vacate the foreclosure conducted prior to this case. The amended complaint alleges that any liens Defendant has on the Property are deficient. (ECF No. 13). First, citing U.C.C. § 3—302, Plaintiff alleges that Defendant is "**NOT** Holder/holder in Due Course of the '**authentic[,] original[,] unaltered Promissory Note**' evidencing the claimed indebtedness." (*Id.* at 1) (emphases in original). Second, Plaintiff alleges that Defendant "violated numerous sections" of the National Bank Act, 12 U.S.C. § 1, *et seq*, but then only asserts one such violation. (*Id.*). According to Plaintiff, the National Bank Act prohibits financial institutions from "enter[ing] into mortgage agreements for real estate beyond [a] 5—year period[,]" which purportedly renders Defendant's 30-year mortgage with Plaintiff fraudulent "by operation of law." (*Id.*). Third, citing U.C.C. § 3—308, Plaintiff "denies the validity of signature on any photocopy of a Promissory Note" and requests the issuance of a subpoena requiring the "original[,] unaltered Promissory Note to be

produced." (*Id.*). Finally, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, by illegally acted as a debt collector. (*Id.*).

On December 5, 2014, Chase moved to intervene in this suit pursuant to Federal Rule of Civil Procedure 24(a) and to dismiss JPMC, who purportedly was improperly named as Defendant. (ECF No. 15). Chase also moved to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (ECF No. 17). Plaintiff opposed Chase's motion to dismiss and Chase replied.[1] (ECF Nos. 20 and 21).

## II. Motion to Intervene and Dismiss JPMC as a Defendant

Chase moves to intervene as of right pursuant to Federal Rule of Civil Procedure 24(a), arguing that Plaintiff has filed this suit against the improper defendant, and to dismiss JMPC from this suit. Chase attaches the Deed of Trust ("DOT") for the Property at issue, which secures Plaintiff's repayment of the $480,000 loan from Chase ("the Loan"). (ECF No. 15-1). The DOT states that Chase is the lender and Plaintiff is the borrower. (*Id.* at 2). The DOT also bears Plaintiff's signature as borrower. (*Id.* at 15). Chase asserts that, as reflected on the face of the DOT, it is the entity that made the Loan to

---

[1] Although Plaintiff's opposition does not address any of the arguments in Chase's motion to dismiss. It merely recites the standard for dismissal under Rule 12(b)(6).

Plaintiff that is secured by the DOT and argues that it should be allowed to intervene as of right in this case.

Federal Rule of Civil Procedure 24(a)(2) permits intervention as of right when:

> On timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

In *Pennsylvania Nat. Mut. Cas. Ins. Co. v. Perlberg*, 268 F.R.D. 218, 224-25 (D.Md. 2010), Judge Blake noted that:

> "[T]o intervene as of right, a movant must show: (1) timely application; (2) an interest in the subject matter of the underlying action; (3) that a denial of the motion to intervene would impair or impede the movant's ability to protect its interest; and (4) that the movant's interest is not adequately represented by the existing parties to the litigation. *Houston Gen. Ins. Co. v. Moore,* 193 F.3d 838, 839 (4th Cir. 1999). "A party moving for intervention under 24(a) bears the burden of establishing a right to intervene, and must do so by satisfying all four requirements." *U.S. ex rel. MPA Const., Inc. v. XL Specialty Ins. Co.,* 349 F.Supp.2d 934, 937 (D.Md. 2004) (citing *In re Richman,* 104 F.3d 654, 658 (4th Cir. 1997)).

Chase's motion to intervene will be granted, as it satisfies all four requirements for intervention as of right.  First, the motion to intervene is timely as it was filed shortly after

Chase was given notice of this suit and while this case is still in its early stages. Second, Chase has a significantly protectable interest in the subject matter of this case, as it is the entity that made the Loan to Plaintiff that is secured by the DOT, which Plaintiff seeks to have invalidated. *See, e.g., JLS, Inc. v. Pub. Serv. Comm'n of W. Virginia,* 321 Fed.App'x 286, 289 (4th Cir. 2009) ("Rule 24 does not specify what type of interest a party must have to intervene as a matter of right, but the Supreme Court has recognized that "'what is obviously meant . . . is a significantly protectable interest.'" (*quoting Teague v. Bakker,* 931 F.2d 259, 261 (4th Cir. 1991)). Third, denying Chase's motion to intervene would impede its ability to protect its interest in the DOT. Because Plaintiff's quiet title action seeks to invalidate the DOT and any liens on the Property, the outcome of the case could affect Chase's interests in the Property. Finally, Chase has met its burden in showing that its interests may not adequately be represented by the current parties in this litigation, as JPMC is a separate entity with no relation to the DOT, Loan, or Property at issue. *Id.* (noting that an intervenor's burden in showing that the existing parties will not adequately represent its interests is "minimal" and the intervenor need only show that "representation of his interest *may* be inadequate") (emphasis added) (internal citations and quotation marks omitted).

In its motion to intervene, Chase also moves to dismiss JPMC as Defendant pursuant to Rule 12(b)(6).[2]  Chase argues that, as reflected by the DOT, "JPMC is not the entity that made the Loan to Plaintiff or that is secured by the DOT on the Property[.]" (ECF No. 15, at 4-5).  Chase contends that because Plaintiff's claims arise from the Loan, DOT, and the Property, and because JPMC has no connection to any of these, it should be dismissed as Defendant because Plaintiff has not stated any plausible claims against it.

Chase attached the DOT to its motion, which shows that it, rather than JPMC, is the lender secured by the DOT on the Property and therefore the proper Defendant.[3]  Plaintiff has not opposed this motion, nor provided any facts showing that any of his claims relate to JPMC.  Accordingly, JMPC will be dismissed as Defendant.

**III. Motion to Dismiss the Complaint**

    **A.    Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of*

---

[2] The standard of review for assessing a 12(b)(6) motion to dismiss is provided below.

[3] In reviewing a motion to dismiss, courts may consider documents referenced or relied upon in the complaint. *Abelman v. Wells Fargo Bank, N.A.*, 976 F.Supp.2d 660, 662 n.1 (D.Md. 2013) (*citing Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999).

*Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver,* 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal,* 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979).

7

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Turner v. Kight,* 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd,* 121 F.App'x. 9 (4th Cir. 2005).

**B. Analysis**

Plaintiff seeks to quiet title to the Property. He requests that the court declare "any lien interests and rights thereof . . . be forever declared invalid." (ECF No. 13, at 2). "A quiet title action enables a plaintiff possessing real property to challenge the validity of, as relevant here, a defendant's claim "to hold any lien encumbrance" on that same property." *Quattlebaum v. Bank of Am., N.A.,* No. TDC-14-2688, 2015 WL 1085707, at *4 (D.Md. Mar. 10, 2015). To state a quiet title claim under Maryland law, a plaintiff must show his "claim to title and allege an invalid or defective adverse interest" in the Property. *Levine v. JPMorgan Chase Bank, N.A.,* No. RWT 13-CV-2639, 2014 WL 4628554, at *2 (D.Md. Sept. 12, 2014).[4] Plaintiff advances four theories as to why Defendant's liens are defective.

---

[4] Plaintiff's complaint is nearly identical to that filed in *Levine,* 2014 WL 4628554. Accordingly, much of Judge Titus' analysis from that case will be relied on here.

**1.   Defendant is Not the Holder in Due Course**

Plaintiff alleges that Defendant is not a holder in due course of the note evidencing Plaintiff's indebtedness. (ECF No. 13, at 1). U.C.C. § 3—302 provides the requirements for the holder of a negotiable instrument to be considered a "holder in due course":

> (1) the instrument when issued or negotiated to the holder does not bear such apparent evidence of forgery or alteration or is not otherwise so irregular or incomplete as to call into question its authenticity; and
>
> (2) the holder took the instrument (i) for value, (ii) in good faith, (iii) without notice that the instrument is overdue or has been dishonored or that there is an uncured default with respect to payment of another instrument issued as part of the same series, (iv) without notice that the instrument contains an unauthorized signature or has been altered, (v) without notice of any claim to the instrument described in Section 3-306, and (vi) without notice that any party has a defense or claim in recoupment described in Section 3-305(a).

Here, Plaintiff does not provide any facts plausibly to allege that Defendant is not a holder in due course of the note in question. There are no allegations of forgery, alteration, or any irregularities regarding the note. Plaintiff asserts no facts that call into question the authenticity of the note. Plaintiff's conclusory allegation that Defendant is not the holder in due course is the sort of "naked assertion" that is

9

insufficient to meet the pleading standard articulated in *Iqbal*, 556 U.S. at 678.

### 2. Violation of the National Bank Act

Plaintiff asserts that Defendant "violated numerous sections" of the National Bank Act, but then only specifies one such violation: that Defendant's 30-year mortgage with Plaintiff is a violation of the five year limitation the National Bank Act places on the length of mortgages entered into by financial institutions.[5] As Defendant points out correctly, the National Bank Act places no such limitation on financial institutions with regard to the length of mortgages.

In *Levine*, Judge Titus addressed an identical argument made by plaintiffs in that suit, noting that:

> Plaintiffs are apparently referring to 12 U.S.C. § 29. However, that provision only limits the length of time a financial institution may hold *possession in its own name* of real estate under a mortgage, and Plaintiffs make no allegation that Defendant is currently in possession of 7920 Brink Road. *See id.; see also Hennington v. Bank of America*, 1:10-CV-1350-WSD-JFK, 2010 WL

---

[5] The Complaint alleges that the 30-year mortgage is "fraudulent" by operation of law. (ECF No. 13, at 1). Based on Plaintiff's singular use of this term, Chase has moved to dismiss a purported fraud claim by Plaintiff. When read in context, however, Plaintiff does not appear to be asserting a fraud claim, but rather, merely a violation of the National Bank Act. Even if Plaintiff were asserting a separate fraud claim, he has provided no factual allegations to support a fraud claim against Chase. See *Md. Envtl. Trust v. Gaynor*, 370 Md. 89, 97 (2002) (discussing the elements of a fraud or deceit claim under Maryland law).

>
> 5860296 at *5 n.5 (N.D.Ga. Dec. 28, 2010) (12 U.S.C. § 29 "does not prevent a banking association from making a loan to another person or entity and obtaining a mortgage or security interest of more than five years to secure the loan."). It is well-settled that this provision does not limit the length of mortgages financial institutions may originate in the ordinary course of business. *See id.* (characterizing a similar claim as "frivolous").

2014 WL 4628554, at *3 (emphasis in original). Accordingly, Plaintiff's argument regarding the purportedly illegal duration of the mortgage is unsupported by law.

### 3. Validity of Signatures

Plaintiff next "denies the validity of signature on any photocopy of a Promissory Note," citing U.C.C. § 3-308.[6] (ECF No. 13, at 1). In *Levine*, plaintiffs raised this identical argument. As aptly noted by Judge Titus:

> [U]nder [U.C.C. § 3-308], while the person claiming the validity of a signature bears the burden of proving validity, the signature is presumed to be authentic. U.C.C. § 3-308(a). Thus, the person denying its validity must introduce some evidence to support a finding of invalidity. Comment No. 1 to U.C.C. § 308. Plaintiffs allege no facts supporting their claim that any signatures appearing on photocopies of the notes are invalid. The general, conclusory denial of validity, without any allegation of facts to support that denial, is plainly insufficient to survive a motion to dismiss.

---

[6] Plaintiff appears to be denying the validity of his own signature.

11

Like plaintiffs in *Levine*, Plaintiff has provided no facts supporting an inference that the signatures on the photocopies of the promissory note are invalid. Accordingly, to the extent that Plaintiff attempts to argue that the signatures are forged, his allegations are insufficient to state a plausible claim.

**4.   Defendant Illegally Acted as a Debt Collector**

Plaintiff alleges that Defendant, "in its communication to Plaintiff was acting as a debt collector, which violates" the FDCPA. (ECF No. 13 at 1). In *Givens v. Citimortgage, Inc.*, Civil Action No. 10-1249, 2011 WL 806463, at *2 (D.Md. Feb. 28, 2011), Judge Messitte notes that:

> For an FDCPA claim against a "debt collector" to survive a Rule 12(b)(6) motion to dismiss, the plaintiff must allege facts that make it plausible to believe that the defendant is in fact a debt collector as defined by the FDCPA. *See* 15 U.S.C. § 1692a(6); *Sparrow v. SLM Corp.,* No. RWT 08–00012, 2009 WL 77462, at *2 (D.Md. Jan.7, 2009). In the present case, to properly allege that Citi is a debt collector under the FDCPA, [plaintiff] would have to assert that Citi was attempting to collect "debts owed or due or asserted to be owed or due *another*." 15 U.S.C. § 1692a(6) (emphasis added). Moreover, the FDCPA expressly exempts creditors and mortgagees from its definition of a debt collector. *See* 15 U.S.C. § 1692(a)(6); *Sparrow,* 2009 WL 77462, at *2. Here, by all appearances, Citi was at all relevant times acting as a creditor and mortgagee to collect a debt owed to itself, not to a third party; in other words, it does not fall under the FDCPA's definition of a debt collector.

Here, Plaintiff's allegation that Defendant was acting as a debt collector is wholly unsupported. Plaintiff does not allege that Chase attempted to collect debts on behalf of *another*, or provide any other explanation as to why Chase qualifies as a "debt collector" under the FDCPA. On the contrary, based on the DOT, Chase is a creditor or mortgagee of Plaintiff, and therefore, any actions taken by Chase would have been to collect a debt owed to *itself*, not to a third party. Moreover, although a violation of FDCPA may give rise to civil relief, see 15 U.S.C. § 1692k, it does not provide any basis for invalidating Defendant's lien on the Property and therefore does not support Plaintiff's claim to quiet title.

## IV. Conclusion

For the foregoing reasons, Chase's motions to intervene as a Defendant and dismiss JPMC will be granted. Chase's motion to dismiss the complaint will also be granted. A separate order will follow.

                                              /s/
                                   DEBORAH K. CHASANOW
                                   United States District Judge